### David J. Reilly v. D. H. Tolman, C. L. Brown, The Chicago Trust and Savings Bank and The Midland Company.

1. USURY—*No Remedy in Equity.*—Where a promissory note is alleged to be usurious and past due, an injunction will not lie to restrain its collection, as the defense can be made at law.

2. INJUNCTIONS—*Party Obtaining Must be Ready at all Times to Defend.*—When a party obtains a temporary injunction, he is bound to be ready at all times to appear and maintain the same. The party enjoined has a right at any time to take steps to relieve himself from the restraining order. The party obtaining the injunction can not, by his failure to appear, delay a hearing asked for by a party enjoined.

**Memorandum.**—Bill for injunction. Error to the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the March term, 1894, and decree modified. Opinion filed March 29, 1894.

The opinion states the case.

C. E. CRUIKSHANK, FRED H. ATWOOD and H. C. BENNETT, attorneys for plaintiff in error.

BRIEF OF DEFENDANTS IN ERROR, JOHN G. HENDERSON, ATTORNEY.

The defense of usury is a legal remedy and was purely such under the facts and circumstances as shown by the face

of the bill, and a party can not ignore this fact and invoke the aid of equity. He can have no footing in equity where he has an adequate remedy or defense in an action at law. Winkler v. Winkler, 40 Ill. 179; Wangelin v. Goe, 50 Ill. 459; Long v. Barker, 85 Ill. 431; Beauchamp v. Putnam, 34 Ill. 378; Yates v. Batavia, 79 Ill. 500; Finlay v. Thayer, 42 Ill. 350; Goodell v. Lassen, 69 Ill. 145; Dunham v. Miller, 75 Ill. 379; Coughron v. Swift, 18 Ill. 414; Gore v. Kramer, 117 Ill. 176; Cook County v. Davis, 143 Ill. 151; Buzzard v. Houston, 119 U. S. 347; Russell v. Clarke, 7 Cranch, 69; Taylor v. Turner, 87 Ill. 296; Victor Scale Co. v. Shertleff, 81 Ill. 313.

An injunction will not be granted where every matter stated in the bill can be made as fully available in answer and defense to an action at law, as by an appeal to equity. Vennum v. Davis, 35 Ill. 568; Beauchamp v. Putnam, 34 Ill. 378.

A court of equity will not exercise jurisdiction in any case to stay proceedings, where the court of law can do as full justice to the subject in dispute, as can be done in a court of equity. Palmer v. Gardner, 77 Ill. 143.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant filed in the Circuit Court his bill alleging the borrowing by him from D. H. Tolman, one of the appellees, of the sum of $1,250, and that he, appellant, gave his judgment note therefor for the sum of $1,500; that the said note has been frequently renewed, and said Tolman now has appellant's past due note so given for the sum of $1,500 although appellant has made payments of usurious interest and other payments on account of said loan, to more than the entire amount thereof, viz., has paid altogether upon said loan, the sum of $1,987.50, being much more than the principal and lawful interest upon the sum borrowed amounts to. Appellant also alleges a certain purchase by him from said Tolman of stock in a certain corporation, the arrangement for said purchase being, it is charged, but a device to enable said Tolman to obtain usurious interest.

Appellant obtained an injunction restraining appellees from assigning or transferring the note made by appellant. To the bill a demurrer was filed, the same being called up for hearing. Appellant not appearing, the demurrer was sustained, and the bill dismissed for want of equity.

Appellant at the same term appeared and asked the court to set aside the order of dismissal. This the court refused to do.

The bill shows no ground for the interposition of a court of equity. Appellant can make whatever defense he has to the note, in a suit at law, if one shall be brought. The note being past due, any assignee thereof will take the same subject to appellant's rights.

When a party obtains a temporary injunction, he is bound to be at all times ready to appear and maintain his right to the same. The party enjoined has a right at any time to take steps to relieve himself from the restraining order, and the complainant can not, by a failure to appear, delay a hearing asked for by a party enjoined.

As the decree dismissing for want of equity might operate to the prejudice of appellant in a suit at law, the order of dismissal will be modified by making the decree of dismissal without prejudice. Appellee will recover his costs in this court.

Decree modified so that dismissal of bill be without prejudice.